UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BILLY M. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16cv00018 PLC |
| ) | |
| GLEN BABICH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Billy M. Walker, a Missouri prisoner, and Defendants Glen Babich, Thomas Pryor, Sarah Starks, Tammie Anderson, and Corizon Health, Inc.,[1] filed a joint motion to amend the case management order ("CMO") [ECF No. 43]. Plaintiff also filed a motion to amend the second amended complaint by interlineation [ECF No. 40].

Plaintiff pursues this lawsuit under 42 U.S.C. § 1983 seeking declaratory, monetary, and permanent injunctive relief for Defendants' alleged care, or lack of care, of Plaintiff's serious medical conditions, namely, "multiple sclerosis, epilepsy, and traumatic brain injuries."[2] Promptly after learning he had misidentified a defendant, Plaintiff obtained leave to file a second amended complaint dismissing the misidentified defendant and naming the reportedly correct defendant, Defendant Sarah Starks.[3] Plaintiff filed the second amended complaint on January

---

[1] Sarah Starks was first identified as a Defendant in Plaintiff's recently filed second amended complaint. While the other parties have consented to a United States Magistrate Judge's exercise of jurisdiction under 28 U.S.C. § 636(c), Defendant Starks still has time in which to indicate whether or not she consents.

[2] Pl.'s second am. compl. ¶¶ 1 & 65, filed Jan. 27, 2017 [ECF No. 37].

[3] See, e.g., Pl.'s mot. dismiss Catherine Murry and file a second am. compl. to add Sarah Katie Starks as a defendant, filed Jan. 18, 2017 [ECF No. 34]; Order, filed Jan. 27, 2017 [ECF No. 36].

27, 2017.[4] Defendant Starks waived service of process and her answer is due April 10, 2017.[5] The remaining Defendants filed an answer to the second amended complaint.[6]

By his motion to amend, Plaintiff requests leave to amend the second amended complaint by interlineation only to add an express statement of the capacity in which each Defendant is sued. Specifically, Plaintiff wants to clarify that he is suing Defendants Dr. Babich, Dr. Pryor, Ms. Starks, and Ms. Anderson in their "personal," or individual, capacities, and suing Defendant Corizon Health Inc. in its official "and personal" capacities. Plaintiff notes he included a statement of the capacity in which he sued each Defendant in his original complaint but "inadvertently failed" to include such a statement in the second amended complaint. Additionally, Plaintiff states, "Defendants have not raised an issue as to the capacity in which Defendants were sued."

A plaintiff may assert § 1983 "claims against a public official acting in his [or her] individual capacity and in his [or her] official capacity." Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007). When a § 1983 complaint is silent as to the capacity in which a defendant official is sued, the complaint is interpreted as including only official capacity claims. Id.; accord Alexander v. Hedback, 718 F.3d 762, 766 n. 4 (8th Cir. 2013) (noting in a § 1983 action against municipal police officers that the "'plaintiff must expressly and unambiguously state . . . in the pleadings [that the lawsuit is pursued against the defendant official in the defendant's individual capacity], otherwise it will be assumed that the defendant is sued only in his or her official capacity.' Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).");

---

[4] Pl.'s second am. compl., filed Jan. 27, 2017 [ECF No. 37].

[5] See docket entry that a waiver of service was returned executed for Defendant Starks, dated March 6, 2017 [ECF No. 42].

[6] Answer filed by Defs. Babich, Pryor, Anderson, and Corizon Health Inc. on Feb. 10, 2017 [ECF No. 39].

Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (presuming in a § 1983 action that a city police officer not "specifically name[d]" in his individual capacity "was sued only in his official capacity").

Plaintiff's motion does not specifically address whether a corporation may be sued in an individual or "personal" capacity under § 1983. Neither Corizon Health Inc., nor any of the individual Defendants now before the Court filed a response to Plaintiff's motion. In granting Plaintiff's motion to amend, the Court is not addressing or resolving any issue with regard to whether a plaintiff in a § 1983 action may pursue an individual, or "personal," capacity claim against a corporate defendant. See generally Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91 (1978); Smith v. Insley's Inc., 499 F.3d 875, 880 (8th Cir. 2007); Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590-91 (8th Cir. 2004).

The Court grants Plaintiff's unopposed motion to amend. Plaintiff may file his amendment by interlineation to amend the second amended complaint expressly to state only in what capacity he is suing any Defendant.

In their joint motion, the parties ask the Court to amend the Case Management Order ("CMO") to extend certain deadlines because, they agree, "following Defendant Starks' Answer, additional time will be necessary to complete discovery."[7] In particular, the parties seek the following deadline extensions:

(1) an extension to June 1, 2017, of the deadlines for the completion of depositions of the parties' expert witnesses and for the completion of all discovery;

(2) an extension to June 15, 2017 of the deadline for filing any motion to compel and Daubert motion; and

---

[7] Joint mot. ¶ 5, filed Mar. 10, 2017 [ECF No. 43].

(3) extensions of the deadlines related to dispositive motions so that the deadline for filing any motion to dismiss, for summary judgment, or for judgment on the pleadings is changed to June 30, 2017; the deadline for filing any response to such a motion is extended to July 28, 2017; and the deadline for filing any reply in support of such a motion is moved to August 7, 2017. Finding good cause for the reasonable schedule modification the parties propose, the Court grants the joint motion. See, e.g., Fed. R. Civ. P. 16(b)(4).

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend by interlineation [ECF No. 40] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within ten days of the date of this Order, Plaintiff may file an amendment by interlineation of the second amended complaint only to clarify the capacity in which Plaintiff sues any Defendant.

**IT IS FINALLY ORDERED** that the parties' joint motion [ECF No. 43] is **GRANTED** so that the CMO's deadlines are extended as set forth above. In all other respects, the CMO's terms and provisions remain in full force and effect.

                                                                                        _____
                                                                                        PATRICIA L. COHEN
                                                                                        UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of March, 2017.